

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 9, 1977

Honorable Alexander Nemer II
County Attorney
Anderson County
Palestine, Texas 75801

Opinion No. H- 1038

Re: Whether a sheriff may
work prisoners on his pri-
vate property.

Dear Mr. Nemer:

You have requested our opinion regarding the following question:

> Is it legal for a county sheriff to work
> prisoners outside of the county jail on
> the sheriff's private ranching and/or
> farming operations whether or not such
> county jail labor is voluntary on the part
> of the prisoners and whether or not such
> prisoners are paid for their labor out of
> the personal funds of the sheriff?

As you note in your letter, articles 43.09 and 43.10 of the *Texas Code of Criminal Procedure* pertain to labor on the part of county prisoners. Article 43.09 provides in part that a convicted defendant may "be put to work in the workhouse, or on the county farm, or public improvements of the county. . . ." Pursuant to this provision, this office has stated upon three occasions that county prisoner labor may be used only upon county projects. Attorney General Opinions WW-36 (1957); O-3809 (1941); O-1061 (1939). The precise question you raise was answered in the negative by Attorney General Opinion WW-36 (1957). Accordingly, in our opinion a sheriff may <u>not</u> work county prisoners on private operations under any circumstances; county prisoner labor may be utilized only on county projects.

### S U M M A R Y

A sheriff may not work county prisoners
on private operations.

p. 4277

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst